IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**RICARDO FUENTES,**
**ADC #153525**                                                                                     **PLAINTIFF**

V.                               CASE NO. 2:16-CV-15-JM-BD

**SIOBHAN DOTSON**                                                                       **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. All objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.    Background**

Ricardo Fuentes, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Fuentes alleges that, in July 2014, Defendant Dotson violated his first amendment rights by confiscating his personal mail because it was written in Spanish. In his original

complaint, Mr. Fuentes also named ADC Director Wendy Kelley, Sergeant Gollatt, Sergeant Allison, and Lieutenant Bardon as Defendants. The Court dismissed Mr. Fuentes's claims against Defendants Kelley, Gollatt, Allison, and Bardon based on his failure to exhaust his administrative remedies against those Defendants. (#36)

Defendant Dotson has now moved for summary judgment. (#37) Mr. Fuentes has responded to the motion, and Defendant Dotson has replied.[1] (#43, #44, #45, #46)

Based on the evidence presented, the Court recommends that Defendant Dotson's motion for summary judgment (#37) be GRANTED. Mr. Fuentes's claim against Defendant Dotson should be DISMISSED, with prejudice.

### III. Discussion

#### A. Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*,

---

[1] In his response to Defendant Dotson's motion for summary judgment, Mr. Fuentes attempts to include additional claims against the ADC Director, the Warden of the EARU, and the Deputy Warden of the EARU. (#43 at p.1) Because Mr. Fuentes did not previously identify either the Warden or the Deputy Warden of the as Defendants, the Court will not address Mr. Fuentes's claims against those individuals in this Recommendation. In addition, as mentioned, the Court previously dismissed Mr. Fuentes's claims against Defendant Kelley.

477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

    B.    Background

Mr. Fuentes alleges that Defendant Dotson confiscated a letter from Ma Francisca Lopez because it was in Spanish. He claims that this conduct violated his first amendment rights. He alleges that Defendant Dotson refused to deliver the letter to him even though he had been granted permission to receive and send correspondence written in Spanish.

It is undisputed that the letter in question arrived at the East Arkansas Regional Unit ("EARU") on July 25, 2014. (#2 at p.28) The mail room clerk, Defendant Dotson, opened the letter during the mail screening process. At the time the letter arrived, the EARU did not have a translator available to review the letter for content. (#37-1 at p.2) According to Defendant Dotson, if a translator is not available, the Warden does not permit mail room staff to authorize the distribution of correspondence written in Spanish until further notice. (*Id*.) As a result, Defendant Dotson confiscated the letter and sent a Return Mail Notice to Mr. Fuentes stating that he was not authorized to receive mail in Spanish and informing him that he could either send an inmate check in the amount of $2.97 to return the letter to the sender, or it would be destroyed in thirty days. (*Id*.)

On August 1, 2014, Defendant Dotson resigned her employment at the EARU. (*Id*. at p.3) Because Defendant Dotson left her position within the thirty days allowed for Mr. Fuentes to have the letter returned, she lacks any knowledge as to what happened to the letter after she completed the Return Mail Notice. (*Id*.)

    C.    Analysis

    1.    Sovereign Immunity

Mr. Fuentes's claim for money damages against Defendant Dotson in her official capacities are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Based on settled law, official-capacity claims against Defendant Dotson should be dismissed.

    2.    Qualified Immunity

In her motion, Defendant Dotson argues that qualified immunity shields her from liability on Mr. Fuentes's individual-capacity claims against her for money damages. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 134 S.Ct. 3, 4 (2013) (per curiam)(quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 743, 131 S.Ct. 2074, 2085 (2011). It shields officers from liability "unless [their] conduct violates a clearly established constitutional or statutory

right of which a reasonable person would have known." *Shekleton v. Eichenberger*, 677 F.3d 361, 365 (8th Cir. 2012) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009).

Here, based on the evidence presented, the Court cannot conclude that Defendant Dotson should have known that Mr. Fuentes had special permission to receive correspondence in Spanish. Further, even if Defendant Dotson was aware that Mr. Fuentes was allowed to receive correspondence in Spanish, ADC policy provided that non-English correspondence could be delivered when a translator was available. Due to the volume of material that must be screened, the law does not demand perfection from prison officials in screening mail. *Murchiso v. Rogers*, 779 F.3d 882, 890 (8th Cir. 2015); *Overton v. Bazzetta*, 539 U.S. 126, 132, 123, S.Ct. 2162 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a correctional system and for determining the most appropriate means to accomplish them" ); *Hamilton v. Schriro*, 74 F.3d 1545, 1553 (8th Cir. 1996); *Ivey v. Ashecraft*, 62 F.3d 1421, 1421 (8th Cir. 1995) (unpublished) ("[P]rison officials have broad discretion to censor or restrict an inmate's receipt of a publication to serve a legitimate penological interest - including the need for institutional security"). See also *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (no constitutional liability arises, from an isolated, inadvertent instance of opening

5

incoming confidential legal mail, "without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or access to the courts").

While the Court is sensitive to Mr. Fuentes's position, especially given the information allegedly contained in the letter at issue, Defendant Dotson acted reasonably in following ADC policy and confiscating the non-English correspondence. Because her conduct did not violate clearly established law that a reasonable person would have known about, she is entitled to qualified immunity on Mr. Fuentes's first amendment claim against her.[2]

3.  Claim for Equitable Relief

In his original complaint, Mr. Fuentes asked the Court to order Defendant Dotson to be terminated from her employment at the EARU. Defendant Dotson, however, resigned from her position at the ADC in 2014. In addition, since filing this lawsuit, Mr. Fuentes has been transferred to the Ouachita River Correctional Unit (ORCU). (#43 at p.4) Defendant Dotson, therefore, no longer has any involvement in the mail review process at either the EARU or the ORCU, where Mr. Fuentes is currently housed. Therefore, Mr. Fuentes's request for injunctive relief is moot. *Martin v. Sargent*, 780

---

[2] Defendant Dotson also argues that, to the extent that Mr. Fuentes argues that the ADC policies regarding inmate correspondence violate the First Amendment, this claim fails because the regulations at issue satisfy the requirements established in *Turner v. Safley*, 42 U.S. 78 (1987). Mr. Fuentes, however, "does not dispute the legitimate government interest in monitoring prisoner mail and the requisites of *Turner* are satisfied." (#43 at p.1)

F.2d 1334 (8th Cir. 1985) (inmate's request for injunctive relief from a warden was moot after his transfer).

## IV. Conclusion

The Court recommends that Defendant Dotson's motion for summary judgment (#37) be GRANTED. Mr. Fuentes's claims against Defendant Dotson should be DISMISSED, with prejudice.

DATED, this 9th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE